# UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------x

KAREN AFLALO,

                            Plaintiff,

               - against -

CANTOR FITZGERALD, L.P., CANTOR
FITZGERALD SECURITIES, INC., BGC
PARTNERS, INC., GFInet, INC., AND GFI GROUP,
INC.,

                         Defendants.

-------------------------------------------------------------------x

No. 1:16-cv-9380

ORAL ARGUMENT
REQUESTED

# DEFENDANTS' MEMORANDUM OF LAW
## IN SUPPORT OF THEIR MOTION TO DISMISS

Michael S. Popok, Deputy General Counsel
Nirav S. Shah, Assistant General Counsel
Katelyn M. Beaudette, Counsel
Cantor Fitzgerald
110 East 59th Street, 7th Floor
New York, New York 10022

*Attorneys for Defendants*

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................. 1

FACTUAL BACKGROUND ..................................................................................................... 2

ARGUMENT ............................................................................................................................. 4

      I.      Plaintiff Does Not State an FLSA Retaliation Claim Because Fulfilling
              Her Job Duties as a Human Resource Manager Is Not
              "Protected Activity" .......................................................................................... 5

      II.     The Court Should Decline to Exercise Its Supplemental Jurisdiction
              Over Count Two .............................................................................................. 9

CONCLUSION ......................................................................................................................... 10

## **TABLE OF AUTHORITIES**

**Cases** **Page(s)**

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009).............................................................................................2, 5

*Bell Atl. Corp. v. Twombly,*
    550 U.S. 544 (2007).............................................................................................5, 9

*Chase Grp. All. LLC v. N.Y.C. Dep't of Fin.,*
    620 F.3d 146 (2d Cir. 2010).............................................................................2, 4, 5, 9

*Claudio-Gotay v. Becton Dickinson Caribe, Ltd.,*
    375 F.3d 99 (1st Cir. 2004)...................................................................................5, 6

*Dunn v. Sederakis,*
    602 F. App'x 33 (2d Cir. 2015) .............................................................................7, 8

*Greathouse v. JHS Sec. Inc.,*
    784 F.3d 105 (2d Cir. 2015)....................................................................................5, 7

*Kasten v. Saint Gobain Performance Plastics Corp.,*
    563 U.S. 1 (2011)................................................................................................5, 6, 8

*Lasater v. Tex. A&M University-Commerce,*
    495 F. App'x 458 (5th Cir. 2012) .............................................................................6

*Littlejohn v. City of New York,*
    795 F.3d 297 (2d Cir. 2015)....................................................................................6

*Marcotte v. City of Rochester,*
    Civ No. 16-945, 2017 WL 392013 (2d Cir. Jan. 27, 2017) ...................................7

*Marcus v. AT&T Corp.,*
    138 F.3d 46 (2d Cir. 1998)......................................................................................9

*McKenzie v. Renberg's Inc.,*
    94 F.3d 1478 (10th Cir. 1996) .................................................................................6

*Rodriguez v. Ready Pac Produce,*
    Civ. No. 13-4634, 2014 WL 1875261 (D.N.J. May 9, 2014) ..................................7

*Rosenfield v. GlobalTranz Enters., Inc.,*
    811 F.3d 282 (9th Cir.) ...........................................................................................6

*Samons v. Cardington Yutaka Techs., Inc.,*
    No. 08-988, 2009 WL 961168 (S.D. Ohio Apr. 7, 2009) ......................................7, 8

*Sampson v. Dist. Counsel of N.Y. City and Vicinity of*
  *United Bhd. Of Carpenters & Joiners of America*,
  No. 10 Civ. 8120, 2012 WL 4471535 (S.D.N.Y. Sept. 27, 2012)............................................9

**Statutes**

28 U.S.C. § 1367(c)(3)........................................................................................................1, 9

29 U.S.C. § 215(a)(3)................................................................................................ *passim*

**Other Authorities**

Federal Rule of Civil Procedure 12(b)(6) ............................................................... *passim*

Defendants Cantor Fitzgerald, L.P., Cantor Fitzgerald Securities, Inc.,[1] BGC Partners, Inc., GFInet, Inc., and GFI Group, Inc. (together, "Defendants"), by and through the undersigned attorneys, submit this memorandum of law in support of their motion to dismiss the Complaint (ECF No. 1, the "Compl.") pursuant to Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. § 1367(c)(3).

## PRELIMINARY STATEMENT

As a matter of law, the Fair Labor Standards Act's ("FLSA") anti-retaliation protections do not extend to human resources professionals who allegedly report potential wage and hour issues as part of their job duties. Plaintiff Karen Aflalo ("Plaintiff" or "Aflalo"), a former human resources manager for Defendant GFInet, Inc., has filed a complaint full of far-fetched, self-aggrandizing claims, but she cannot overcome this established legal principle at the pleading stage.

The Complaint implausibly argues that five (5) separate entities acted as Aflalo's employer and that, after they had explicitly assigned her the task of investigating and identifying wage and hour issues, each of the Defendants fired her for doing exactly that. She implies (falsely) that in an organization full of human resources and legal expertise, only she was capable and willing to ensure compliance with the FLSA's employee classification rules. If this case were to proceed to discovery, it would quickly become apparent that in her Complaint, Plaintiff has written a series of checks that reality will not allow her to cash. The mundane story of Plaintiff's separation from her employer (Defendant GFInet, Inc. only) is that her position

---

[1] Defendant Cantor Fitzgerald Securities has been erroneously sued in this action as "Cantor Fitzgerald Securities, Inc.," an entity that does not exist.

became redundant following its merger with Defendant BGC Partners, Inc., a company that already had an established global human resources framework.

Fortunately, discovery is unnecessary, because one undisputed assertion made again and again by Plaintiff in the Complaint dooms her claims:  any wage and hour issues Aflalo raised were reported "***as part of her duties and responsibilities***." Compl. ¶ 7 (emphasis added).  By her own admission, Plaintiff's reports were not protected activity under the FLSA.  The FLSA, Federal Rule of Civil Procedure 12(b)(6), and established case law require dismissal of the FLSA retaliation claim under such circumstances at the pleading stage.

Once the Court dismisses Plaintiff's FLSA retaliation claim, it need not wade through the mire of Plaintiff's equally unavailing New York Labor Law claim.  There is no reason for the Court to exercise supplemental jurisdiction over an exclusively state law case among non-diverse parties.

## FACTUAL BACKGROUND

Plaintiff alleges that she was simultaneously employed by all of the Defendants "during all relevant times."  Compl. ¶ 25.[2]  Aflalo worked as a senior human resources employee of GFInet, Inc. before and after its acquisition, and was responsible for traditional human resources functions, including "managing, developing, and administering strategies for employee relations, talent acquisition, performance management, HR compliance, payroll, compensation, and

---

[2]    At the motion to dismiss stage, the Court must accept the allegations of the Complaint as true and draw all reasonable inferences in plaintiff's favor.  *Chase Grp. All. LLC v. N.Y.C. Dep't of Fin.*, 620 F.3d 146, 150 (2d Cir. 2010).  However, the Court need not credit bare conclusory allegations and "formulaic recitation of the elements of a cause of action."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Consistent with this standard, the facts cited herein are those pleaded by Plaintiff.  Defendants deny a great many of the Complaint's allegations, including the assertion that Plaintiff was simultaneously employed by all five defendants, the Complaint's false claims related to alleged wage and hour violations, and the allegation that Plaintiff's separation from GFI had anything to do with positions she took regarding wage and hour issues.

benefits . . . ."  Compl. ¶ 27.  In characteristically self-congratulatory language, Plaintiff alleges that she was, "an invaluable human resources employee whose advice and guidance was sought out and utilized by her supervisors."  *Id*. ¶ 34.

In 2015, following an acquisition in which Defendant GFInet, Inc. was acquired by the larger BGC Partners, Inc., Aflalo told her new supervisor about her previous experience dealing with FLSA classification of employees.  *Id.* ¶ 40.  She alleges that she was thereafter informed that the company "would be relying on Aflalo's expertise in reviewing FLSA compliance."  *Id.*  Specifically, Aflalo alleges that she was given a mandate to address FLSA issues and was specifically tasked with determining "which classifications of employees would be exempt and which would be non-exempt from mandatory overtime."  *Id*. ¶ 56.

Though Defendants dispute the core of Aflalo's allegations – particularly her selective omission of the substantial efforts undertaken by Defendants to ensure compliance with the FLSA – the Complaint leaves no doubt that, even in Aflalo's own words, investigating and reporting FLSA issues was part of her job duties:

- "***As part of her duties and responsibilities***, and in response to various employee inquiries . . . Plaintiff investigated Cantor's FLSA and NYLL classification methods and practices."  *Id*. ¶ 7.

- "Aflalo, ***in connection with her work*** with Aiken, had also begun investigating the manner in which Cantor was classifying different employees . . . ."  *Id*. ¶ 47.

- "Aflalo reconfirmed . . . that she had vast experience reviewing the employment duties of all staff at GFI, ***which included conducting wage and hour audits*** alongside experience attorneys."  *Id*. ¶ 52.

- "Aflalo explained . . . that, in order to remediate GFI's unlawful classification of [other employee classes], Aflalo had worked with GFI's legal department . . ." *Id*. ¶ 53.

- The Company "told Aflalo that she intended to rely upon her to conduct similar investigations at Cantor . . . to help determine, *inter alia*, which classifications of employees would be exempt and which would be non-exempt from mandatory overtime."  *Id*. ¶ 56.

3

- Aflalo had a "purported *mandate* . . . *to identify labor law violations and assist in remedying [them] . . . .*") *Id.* ¶ 58.

- It was Plaintiff's "*mandate to investigate, report, and remedy Cantor's labor law violations* . . . ." *Id.* ¶ 63.

(Emphasis added throughout.)

Consistent with her job duties, Plaintiff investigated wage and hour issues, made reports to her colleagues and her supervisor, and allegedly "offered solutions." *Id.* ¶¶ 40, 46-47, 49, 51, 59-61, 68-69, 72, 74, 79-82.  Plaintiff believes that when she raised these issues (that is, when she did her job), her supervisors did not take those reports seriously enough, did not devote sufficient resources to FLSA classification, and did not remedy what she alleges to be FLSA violations. *Id.* ¶¶ 40, 44, 45, 49-50, 57-59, 62-64, 70, 83-85.  Plaintiff claims that all five Defendants terminated her employment as result of her reports of wage and hour issues.  *Id.* ¶ 106.

Based on the above facts, Plaintiffs filed the Complaint on December 5, 2016 asserting two parallel causes of action for retaliation, one under the FLSA and the other under New York's Labor Law. *Id.* ¶¶ 109-128.

The Court need not address the Labor Law claim and it does not have to answer the obvious question of why a company that gave Plaintiff the responsibility of raising wage and hour issues would have terminated her employment for doing exactly that.  The entire Complaint can be dismissed based solely on the fact that, by Plaintiff's own admission, all allegedly protected activity was really only the performance of Plaintiff's job duties as a human resources manager.

## ARGUMENT

On a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must accept a complaint's factual allegations as true and draw all reasonable inferences in the

plaintiff's favor.  *Chase Grp. All. LLC*, 620 F.3d at 150.  Under *Ashcroft v. Iqbal*, it is no longer

sufficient for a plaintiff to allege some remote possibility of recovery; "[t]o survive a motion to

dismiss, a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to

relief that is plausible on its face.'"  556 U.S. at 678.  In assessing whether a complaint is facially

plausible, the Court need not credit bare conclusory allegations and "formulaic recitation of the

elements of a cause of action."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

## I.   Plaintiff Does Not State an FLSA Retaliation Claim Because Fulfilling Her Job Duties as a Human Resources Manager Is Not "Protected Activity"

To state a claim for retaliation under the FLSA, Plaintiff must plausibly allege that she

was discharged because she "filed any complaint or instituted or caused to be instituted any

proceeding under or related to this chapter."  29 U.S.C. § 215(a)(3).  While the Second Circuit

has held that internal complaints may constitute activity protected under Section 215(a)(3),

*Greathouse v. JHS Sec. Inc.*, 784 F.3d 105, 115-16 (2d Cir. 2015), the Supreme Court has ruled

that "a complaint must be sufficiently clear and detailed" to provide the employer with "'fair

notice' that the employee is asserting statutory rights under the [Act]."  *Kasten v. Saint Gobain

Performance Plastics Corp.*, 563 U.S. 1, 14, 25 (2011) (alteration in original) (internal quotation

marks omitted).

Every circuit court to address the question has ruled that a manager responsible for

raising wage and hour issues has not, as a matter of law, put her employer on "fair notice" under

the FLSA (and has therefore not engaged in protected activity) when she does her job and reports

those issues:

- In *Claudio-Gotay v. Becton Dickinson Caribe, Ltd.*, the First Circuit affirmed summary judgment dismissing a plaintiff's FLSA retaliation complaint, finding that the FLSA did not protect his report of overtime violations because "[w]hen [plaintiff] first informed Becton of the potential overtime violations, ***he did so in***

5

*furtherance of his job responsibilities*."   375 F.3d 99, 102 (1st Cir. 2004) (emphasis added).

- In *Lasater v. Texas A&M University-Commerce*, the Fifth Circuit followed the *Kasten* standard and affirmed the grant of summary judgment against a Director of the Office of Financial Aid because "monitoring compliance and ensuring compliance with [defendant's] employee comp time policy, the very thing Lasater expressed 'concerns' about, *was also among her own job responsibilities*."   495 F. App'x 458, 462 (5th Cir. 2012) (emphasis added).

- In *Rosenfield v. GlobalTranz Enterprises, Inc.*, the Ninth Circuit ruled that under *Kasten*'s 'fair notice' requirement, a report from a human resources director of wage and hour violations "would not put the employer on notice that the manager was filing a complaint within the meaning of § 215(a)(3)."  811 F.3d 282, 288 (9th Cir. 2015).  The court nevertheless reversed a grant of summary judgment, explaining that in that specific case, "ensuring compliance with the FLSA was *not* Plaintiff's responsibility." *Id*.

- In *McKenzie v. Renberg's Inc.*, the Tenth Circuit held that a Personnel Director responsible for "monitoring compliance with" wage and hour laws did not engage in protected activity because her "actions in connection with the overtime pay issue *were completely consistent with her duties as personnel director*." 94 F.3d 1478, 1481, 1487 (10th Cir. 1996) (emphasis added).[3]

The FLSA "manager rule" embraced by the circuit courts is sensible:  a contrary rule would convert *every* act of an HR manager into protected activity, eviscerating the requirement that they provide "fair notice" that they are asserting statutory rights.  *Kasten*, 563 U.S. at 14.

Though the above circuit courts received these cases in a summary judgment posture, the rule they establish requires dismissal at the pleading stage of FLSA retaliation complaints that try to reframe assigned job duties as protected activity, as other districts courts have found.  In

---

[3]      The Second Circuit has not had occasion, one way or the other, to rule on whether complaints by managers with human resources responsibilities are protected activity under the FLSA.  In *Littlejohn v. City of New York*, the appeals court did decline to apply the so-called "manager rule" in the Title VII context, based on that statute's "opposition clause."  795 F.3d 297, 317-18, n.16 (2d Cir. 2015).  The panel acknowledged that the rule has been widely applied in FLSA cases but ruled that Title VII's opposition clause – which protects employees who have "*opposed any practice* made an unlawful employment practice" – requires courts to focus on "oppositional nature" of the complaint, not the employee's responsibilities.  *Id*. at 318 (quoting 42 U.S.C. § 2000e-3(a)) (emphasis added).  Plaintiff has, of course, filed a claim under the FLSA, a statute with no opposition clause, rendering the teachings of *Littlejohn* inapposite.

*Rodriguez v. Ready Pac Produce*, for example, a production supervisor asserted that he was retaliated against in violation of the FLSA after "he informed management that they could potentially be liable if certain employees chose to pursue" a claim under the Equal Pay Act.  Civ. No. 13-4634, 2014 WL 1875261, at *9 (D.N.J. May 9, 2014).  The District of New Jersey dismissed the claim because "Plaintiff here had a supervisory role at Ready Pac, and must show more than an attempt to protect his employer from potential liability or internally correct alleged [Equal Pay Act] violations in order to demonstrate protected activity in connection with a retaliation claim."  *Id.*

Similarly, in *Samons v. Cardington Yutaka Technologies, Inc.*, a human resources manager (like Plaintiff) claimed that she raised issues regarding employee classification and was told by her supervisor that "the government couldn't tell him how to reward his associates."  Civ. No. 08-988, 2009 WL 961168, at *7 (S.D. Ohio Apr. 7, 2009).  The district court dismissed the claim pursuant to Rule 12(b)(6) because "[n]o facts are alleged which would suggest that Ms. Samons did anything more than simply bring these alleged violations to the attention of [her supervisor] in accordance with her job responsibilities."  *Id.*

Recent Second Circuit orders make clear that FLSA retaliation complaints should be dismissed under Rule 12(b)(6) where they lack plausible allegations of protected conduct. *Marcotte v. City of Rochester*, Civ No. 16-945, 2017 WL 392013, at *2 (2d Cir. Jan. 27, 2017) (Summary Order) (affirming dismissal of FLSA retaliation claim because plaintiff's complaints "about using accrued sick days or personal days [do not] provide sufficient evidence of a good faith assertion of statutory rights that a reasonable employee would have understood as an assertion of rights under the FLSA."); *Dunn v. Sederakis*, 602 F. App'x 33 n.1 (2d Cir. 2015) (Summary Order) (reversing and remanding FLSA retaliation case based on *Greathouse* decision

7

extending FLSA protections to internal complaints, but ruling that on remand district court could appropriately "consider the content of [plaintiff's] complaint" in order to "revisit whether [plaintiff] plausibly and specifically pled the elements of a FLSA retaliation claim.")

Under the relevant legal standard, it is difficult to imagine an FLSA case better suited to early dismissal than this one.  Plaintiff Aflalo alleges, again and again, that Defendants assigned her to investigate, analyze, and report on employee wage and hour classifications.  Compl. ¶¶ 7, 47, 52, 53, 56, 58, 63.  Every example of allegedly protected conduct supplied in the Complaint, in turn, involves discussions of those classifications as part of her duties.  *Id.* ¶¶ 40, 46-47, 49, 51, 59-61, 68-69, 72, 74, 79-82.   Like the defendant in *Samsons* (whose complaint was dismissed), Plaintiff did the job she was paid to do; she has no allegations that she did "anything more than simply bring these alleged violations to the attention of [her supervisor] in accordance with her job responsibilities."  2009 WL 961168, at *7.  After allegedly assigning Plaintiff the task of monitoring and reporting wage and hour issues, Defendants could not have been on "fair notice" that Plaintiff's reports were assertions of statutory rights, protected under the FLSA. *Kasten*, 563 U.S. at 14.  There is no reason to wait until summary judgment to dismiss a case that cannot stand up based on its own allegations.

Plaintiff cannot rescue her case with the self-serving recitations of the FLSA legal standard that litter the Complaint.  *See, e.g.*, Compl. ¶ 2 ("Cantor reasonably understood that Plaintiff was asserting the FLSA and NYLL rights of Cantor employees"), *id.* ¶ 3 ("Plaintiff made sufficiently clear and specific complaints to Cantor"), *etc.*  The Court should not credit these statements, which are nothing more than "recitation[s] of the elements of a cause of action"

that are entitled to no weight.  *Twombly*, 550 U.S. at 555.[4]

## II.   The Court Should Decline to Exercise Its Supplemental Jurisdiction Over Count Two

Plaintiff's FLSA claim is Plaintiff's sole basis for bringing this case in federal court.  *See* Compl. ¶¶ 12-13.  Diversity does not exist between the parties.  *Id.* ¶¶ 15-25.  Because Count One must be dismissed, this Court will be faced with the question of whether it should exercise supplemental jurisdiction over Count Two, a New York Labor Law claim.  District courts are permitted to decline to exercise supplemental jurisdiction over a state-law claim if "the district court has dismissed all claims over which it has original jurisdiction . . . ."  28 U.S.C. § 1367(c)(3).

"In general, where the federal claims are dismissed before trial, the state claims should be dismissed as well."  *Marcus v. AT&T Corp.,* 138 F.3d 46, 57 (2d Cir. 1998).  Given that this case is in its infancy and will involve no questions of federal law, this Court should decline to exercise supplemental jurisdiction and dismiss the case in its entirety.  *See Sampson v. Dist. Counsel of N.Y. City and Vicinity of United Bhd. Of Carpenters & Joiners of America*, No. 10 Civ. 8120, 2012 WL 4471535, at *7-8 (S.D.N.Y. Sept. 27, 2012).

---

[4]     The fact that Plaintiff spends much of the Complaint (falsely) smearing Defendants by describing alleged hostility and/or resistance to wage and hour compliance does not somehow rescue the Complaint.  *All* FLSA retaliation plaintiffs claim their employer did not take their complaints seriously.  Defendants' alleged response to complaints is irrelevant to the question of whether those complaints constituted protected activity in the first place.

## <u>CONCLUSION</u>

For the foregoing reasons, Defendants respectfully request that the Court issue an order dismissing the Complaint in its entirety pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1367(c)(3) and granting such other and further relief as the Court may deem appropriate.


Dated:   May 8, 2017                                Respectfully submitted,
         New York, New York

                                                    By: */s/ Nirav S. Shah*_____
                                                    Michael S. Popok, Deputy General Counsel
                                                    Nirav S. Shah, Assistant General Counsel
                                                    Katelyn M. Beaudette, Counsel
                                                    110 E. 59th Street, 7th Floor
                                                    New York, NY 10022
                                                    (212) 294-7873 (NSS)
                                                    nirav.shah@cantor.com

                                                    *Attorneys for Defendants*

10